By the Court—Moncrief, J.
The law, it is conceded by the learned counsel for the respective parties, is well settled that in an action like the present, claiming damages for injuries received, as .alleged, by the negligence, &c., of a defendant, it must appear that the result complained of. was not in the slightest degree occasioned or contributed toward by the complainant. If it be true that in any degree both parties concurred in the want of care, it must necessarily follow that the accident cannot justly be said to have arisen from the negligence of one or the other solely, and of. course an action cannot be maintained by either party upon the' ground that his adversary caused the damage. (Wilds v. Hudson River R. R. Co., 24 N. Y. R., 430; Ernst v. Same, 24 How. Pr., *219 97; 8 Com. Bench, N. S., 568-572.) The application of this plain principle requires the plaintiffs in this action to establish that the damages they have sustained not only arose from negligence on the part of the defendants, for such is the distinct averment in their complaint, but also, assuming that fact to have been proven with sufficient clearness to be submitted to the Jury, that the plaintiffs themselves were without fault. The proof of want of due care and caution on the part of the plaintiffs, it seems to me, is most abundantly shown throughout the case. As owners of the canal boat, they or their servants and agents knew of the existence of the ferry, and had ocular demonstration of the frequent, uninterrupted, regular trips o'f the ferry boats. Their boat had no light-; the attempt was made to haul their canal boat by hand from one dock to the other, at dusk or after dark, without notice to the defendants’ servants of their intention, with full knowledge of the tide being against them while hauling the canal boat, and that their act might be attended with some delay. (Steves v. The Oswego & Syracuse R. R. Co., 18 N. Y. R., 422, 426, 427.) It was an unusual step to take at the time of its attempt. Eo prudent man having a just regard for his property, would take such a risk under circumstances requiring no haste; and in case of an exigency, reasonable caution would have led him to make known his intention to cross the entrance to the ferry. Having finished the loading of their canal boat about half-past four or five and at a period of the year when it becomes dark about the latter hour, the boat then lying bow out, at the side of a pier, the plaintiffs made the attempt “a little before or after five” perhaps, to change position and get into line with the opposite pier to which it was intended .the canal boat was to be hauled and fastened. How long a time it required to execute this necessary preliminary movement or at what time the canal boat began her journey across the mouth of the ferry slip, does not appear by any testimony on the part of the plaintiffs; the evidence on the part of the defendants clearly shows *220 the time of the accident to have been about seven o’clock. As the canal boat commenced hauling across the slip immediately after a ferry boat went out of the slip and was within 15 or 20 feet of being out of danger of collision before being struck, it is plain that the plaintiffs began to haul their boat long after dark, against the tide and floating ice, at the risk of having their hawser break and casting adrift, knowing the constant plying to and fro of the ferry boats, without a light on board and without the slightest intimation to the defendants. The captain of the canal boat had full knowledge that at best it was a most hazardous experiment; his testimony clearly establishes this fact. A verdict finding that such conduct was not wanting in due care and prudence and was not contributive to the injury which happened, in my opinion, is plainly against evidence and should be set aside. As it appears that the defendants asked the learned Chief Justice to dismiss the complaint upon the ground now presented as the reason for reversing the judgment, a new trial should be directed, with costs to abide the event of the action. (Brown v. Bradshaw, 1 Duer, 199, 206; Goodyear v. Ogden, 4 Hill, 104; Wright v. Orient Mut. Ins. Co., 6 Bosw., 269-280.)